UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LACHANTE NICOLE MOBLEY,

       Petitioner,                             CASE NO. 05-CV-74707

v.                                              PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

       Respondent.

_____/

**OPINION AND ORDER**
**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**
**(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY;**
**AND (3) DENYING PETITIONER'S LEAVE TO APPEAL IN FORMA PAUPERIS**

Lachante Nicole Mobley ("Petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her conviction for first-degree felony murder under MICH. COMP LAWS ANN. § 750.316. Having considered the entire record, and for the reasons that follow, the Court DENIES the petition for habeas corpus.

**I.    BACKGROUND**

Petitioner was convicted of first-degree felony murder following a jury trial in the Jackson County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

    This case arose out of the death of defendant's four-year-old son, Le'Marquis Hereford. On

1

December 19, 2002, a man later identified as Anwar Benin walked into the emergency room of Foote Hospital carrying Hereford. Benin told the nurse that Hereford was not breathing and that he thought the child had been beaten. After beginning CPR and removing the child's shirt, the nurse noticed bruising all over his chest. At some point Hereford's mother, defendant, entered the emergency room. Defendant denied knowing what happened to Hereford. After twenty minutes of treatment, physicians were able to get a pulse from Hereford. Hereford had obvious signs of trauma including bruising along the entire length of his sternum down to his abdomen, as well as a distended abdomen. Hereford was diagnosed with full cardiac and respiratory arrest with signs of blunt trauma to the chest and back as well as severe anemia from blood loss. Hereford later died.

An autopsy revealed bruises on Hereford's forehead, the center of his chest, the right side of his abdomen, on the center of his back and on the small of his back. There was also bruising on his small intestine and a tear in Hereford's liver that was believed to be the cause of death, and the mechanism of death was blood loss. There was testimony that the tear was likely caused by a "striking-like impact to the upper abdomen" that could have come from a punch or kick.

Upon police questioning, after first stating that Hereford had been at daycare, defendant admitted that she had "whooped" and "hit" her son on the Tuesday before he died for lying about soiling his pants. When asked about the "whooping," defendant stated that she hit Hereford periodically with the back of her hand but motioned by pounding her palm with a balled fist. She said that she had disciplined Hereford three times on Tuesday for soiling himself and that this included a hit to the chest. She also stated that Benin, whom defendant and Hereford resided with, also disciplined Hereford. Defendant stated that she had asked Benin to help her with Hereford's bed-wetting and lying because she though that a male figure would have better success with Hereford. Defendant did not notice anything wrong with Hereford on Wednesday except that he said, "ouch, my chest hurts," when she gave him a hug. When she woke Hereford on Thursday morning he did not appear right and looked weak. Benin later transported Hereford to the hospital while defendant was at work.

At trial, after the prosecution rested, defendant moved for a directed verdict on all counts on the ground that the prosecution failed to present evidence sufficient to meet its burden. The trial court granted a directed verdict with respect to first-degree premeditated murder under the open murder count and denied the motion with respect to the remaining counts. The jury found defendant not guilty of second-degree murder, guilty of felony murder, and guilty of first-degree child abuse. At sentencing, defendant's counsel noted that sentencing defendant under both felony murder and first-degree child abuse would violate double jeopardy. Accordingly, the trial court vacated the first-degree child abuse verdict and sentenced defendant to mandatory life without parole. Subsequently, defendant moved for a new trial on two occasions, and both times, the trial court denied the motion. This appeal followed.

*People v. Mobley,* No. 250698 , 2005 WL 77101, at *1-2 (Mich. Ct. App. Jan. 13, 2005)

(unpublished). Petitioner's conviction was affirmed on appeal. *People v. Mobley*, 473 Mich. 884

(2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds: (1) ambiguous jury verdict; (2) verdict against great weight of the evidence; (3) improper jury instructions; and (4) sufficiency of the evidence. [1]

## II.   ANALYSIS

### A.   Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in Petitioner's state appellate court brief [Part of this Court's Dkt. Entry # 25] as being part of Petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

3

decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

    **B.**    **Claim # 1: Ambiguous Jury Verdict**

Petitioner first contends that the jury verdict in this case was ambiguous and inconsistent, because the jury found Petitioner not guilty of second-degree murder, but guilty of first-degree felony murder and first-degree child abuse.

A jury verdict is not ambiguous if the reviewing court can determine which counts of the verdict that the jury unanimously agreed on. *United States v. Tosh*, 330 F. 3d 836, 841 (6th Cir. 2003); *United States v. Neuhausser*, 241 F. 3d 460, 470 (6th Cir. 2001). A verdict is sufficient if the jury's intention can be ascertained with reasonable certainty from the language used in the verdict. *See Carver v. Martin*, 664 F.2d 932, 935 (4th Cir. 1981).

In the present case, the written verdict form clearly listed the various counts and had an "X" in the box for not guilty of second-degree murder, an "X" in the box for guilty of first-degree felony murder, and an "X" in the box for guilty of first-degree child abuse. The trial court polled each juror to ask him or her if he or she agreed with the verdict and each responded affirmatively. Since the verdict form and the record both unambiguously indicate that Petitioner was "guilty" of first-degree felony murder and first-degree child abuse while "not guilty" of second-degree murder, the jury's verdict can clearly be determined and is therefore not void for ambiguity.

Petitioner further claims that the jury verdicts are inconsistent. Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *see Harris v. Rivera,* 454 U.S. 339, 345 (1981); *Mapes v. Coyle*, 171 F. 3d 408, 419-20 (6th Cir. 1999). An alleged inconsistency in a

state court verdict is therefore a noncognizable claim on federal habeas review. *Smith v. Herbert,* 275 F. Supp. 2d 361, 371 (E.D.N.Y. 2003). Therefore, the Court finds that Petitioner is not entitled to habeas relief on her first claim.

  **C.  Claims # 2 & 4.  Great weight of the Evidence & Sufficiency of Evidence**

  Petitioner first contends that the jury's verdict went against the great weight of the evidence. A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796. The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict Petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle her to habeas relief. *Id.*

  Petitioner next contends that there was insufficient evidence to convict her of first-degree felony murder, because there was insufficient evidence to establish that she had committed the predicate felony of first-degree child abuse.

  A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000). Since a claim of insufficiency

of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell*, 194 F. Supp. 2d at 647. The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *See Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).

> Under Michigan law, the elements of first-degree felony murder are:
> (1)     the killing of a human being;
> (2)     with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (*i.e*., malice);
> (3)     while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F.3d 780, 789 (6th Cir. 2003) (citation omitted).

A person is guilty of first-degree child abuse if he or she knowingly or intentionally causes serious physical or mental harm to a child. *See People v. Maynor,* 470 Mich. 289, 295 (2004). Physical harm is defined under Michigan's child abuse statute as "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut." MICH. COMP. LAWS ANN § 750.136b(1)(f).

In the present case, there was sufficient evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that Petitioner committed the underlying felony of first-degree child abuse so as to support her conviction for felony murder. Petitioner told the

police that she "whooped" and "hit" her child on Tuesday, two days before his death. Petitioner demonstrated to the police the type of blow that she inflicted on her child by balling up her fist and striking the palm of her hand. Petitioner also told the police that she disciplined her child three times on that Tuesday before he died, including inflicting a blow to his chest. The medical examiner's autopsy revealed that the nature of the injuries to the victim had to have been caused by a fairly strong blow. From the facts presented at trial, the jury could have found beyond a reasonable doubt that Petitioner struck her child with a force sufficient to infer that she intended to cause serious physical harm to him.

In addition, as the Michigan Court of Appeals indicated in its opinion, the jury could also have found beyond a reasonable doubt that Petitioner aided and abetted Benin in the commission of first-degree child abuse. To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecution must show that:

(1)  the crime charged was committed by the defendant or some other person;
(2)  the defendant performed acts or gave encouragement that assisted the commission of the crime; and
(3)  the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Long v. Stovall,* 450 F. Supp. 2d 746, 753 (E.D. Mich. 2006) (citation omitted)

Under Michigan law, to convict a defendant of felony murder under an aiding and abetting theory, the prosecution must show that someone killed the victim during the underlying predicate felony, that the defendant assisted that person in killing the victim, and that the defendant either intended to commit the crime or he knew when he gave the assistance that the other person intended to commit the crime. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 858

(E.D. Mich. 2003) (citation omitted).

In the present case, Petitioner gave Benin permission to discipline her child, knew that Benin had struck his own children inappropriately, but still recruited his assistance in disciplining her child for wetting himself and lying about it. A rational trier of fact could have inferred that Petitioner recruited Benin with the intention that he use his heavy handed disciplinary methods on her child or encouraged him to do so and therefore could have convicted Petitioner of first-degree child abuse under an aiding and abetting theory as well. Accordingly, the Court finds that Petitioner is not entitled to habeas relief on her second or fourth claims.

### D.      Claim # 3: Improper Jury Instructions

Petitioner lastly contends that the trial court erred by failing to instruct the jury that second-degree murder was a lesser included offense under the felony-murder count and that it could only convict Petitioner of one count under a multi-count charge which involves lesser-included offenses. Respondent contends that this claim is procedurally defaulted because Petitioner's counsel did not object to the jury instructions as given and further expressed satisfaction with the instructions that were given by the court. The Michigan Court of Appeals, in fact, rejected Petitioner's instructional error claim, finding that Petitioner had waived any objection to the jury instructions as given. *Mobley,* 2005 WL 77101, at *4.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219 (2000). Since the Michigan Court of Appeals relied on counsel's expression of approval of the jury instructions as given to reject Petitioner's claim, the issue is procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir.

Oct. 5, 2006) (unpublished).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless a petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for her procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, Petitioner has offered no reasons for her failure to preserve the discovery issue. Since Petitioner has not demonstrated any cause for her procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider her claim as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Since Petitioner has not presented any new reliable evidence that she is innocent of this crime, a miscarriage of justice will not

9

occur if the Court declined to review Petitioner's third claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on her third claim.

Accordingly, the Court DENIES the petition for writ of habeas corpus.

### E.    Certificate of Appealability

The Court also DECLINES to issue a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. For the reasons stated in this opinion, the Court finds that reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885.

### F.    Leave to Appeal

The Court DENIES Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.    CONCLUSION

The Court hereby:

(1)     **DENIES** the petition for habeas corpus;

(2)     **DECLINES** to issue a certificate of appealability; and

(3)     **DENIES** Petitioner's leave to appeal *in forma pauperis*.


**SO ORDERED.**



s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  March 12, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 12, 2007.

s/Denise Goodine
Case Manager